1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

RICKEY A. BEAVER,                       )
                                        )
8          Plaintiff,                   )          CASE NO.      C05-1938-MJP-JPD
                                        )
9     v.                                )
                                        )
10   CITY OF FEDERAL WAY, *et al.*,     )          ORDER TO SHOW CAUSE
                                        )
11         Defendants.                  )
     _____)

12

13          Plaintiff has submitted a complaint pursuant to 42 U.S.C. § 1983 and an application to proceed

*in forma pauperis* ("IFP application").  (Doc. #1).  Plaintiff is currently in custody at Western State

14   Hospital in Tacoma, Washington.  Having considered plaintiff's complaint and IFP application, and the

15   balance of the record, the court does hereby find and ORDER as follows:

16          (1)     Plaintiff's lawsuit faces two immediate obstacles.  First, it appears that plaintiff may not

17   qualify for IFP status as a "prisoner" under the Prisoner Litigation Reform Act ("PLRA"), because he

18   is not currently detained in a prison or jail.  He is detained in a hospital and consequently, it appears

19   that his detention may be the result of a civil commitment order and not a criminal conviction.  Only

20   individuals who, at the time they seek to file their civil actions, are detained as a result "of being

21   accused of, convicted of, or sentenced for criminal offenses" are "prisoners" within the definition of

22   the PLRA.  *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).  Therefore, plaintiff must clarify

23   the nature of his detention before the court may review his IFP application.

24          Second, plaintiff alleges in his complaint that two Federal Way police officers used excessive

25   force when they arrested him in August 2004.  (Complaint at 3).  For relief, plaintiff seeks $250,000 in

26

ORDER TO SHOW CAUSE
PAGE - 1

1   damages.  Before the court may determine whether to direct the Clerk to serve plaintiff's complaint on

2   defendants, plaintiff must clarify whether the events that he has described led to his own criminal

3   conviction.  If so, then this lawsuit may not proceed unless plaintiff first succeeds in having the

4   conviction overturned:  "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court

5   must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

6   conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can

7   demonstrate that the conviction or sentence has already been invalidated."  *Heck v. Humphrey*, 512

8   U.S. 477, 487 (1994).  Thus, plaintiff must demonstrate that either he has not been convicted as a

9   result of the 2004 arrest or that the conviction has been invalidated.

10          Accordingly, no later than **February 8, 2006**, plaintiff shall SHOW CAUSE in writing why his

11  lawsuit should not be dismissed on either of the above two grounds.

12          (2)      The Clerk shall forward a copy of this Order to plaintiff and to the Honorable Marsha

13  J. Pechman.

14          DATED this  10th  day of January, 2006.

15

16                                      s/ James P. Donohue
                                        JAMES P. DONOHUE
17                                      United States Magistrate Judge

18

19

20

21

22

23

24

25

26

ORDER TO SHOW CAUSE
PAGE - 2