UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICKY A. BEAVER,

       Plaintiff,

       v.

CITY OF FEDERAL WAY, OFFICER DOUG
LAIRD, and OFFICER HEATHER CASTRO,

       Defendant.

No. CV05-1938MJP

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

       This matter comes before the Court on Magistrate Judge Donohue's Report and
Recommendation.  (Dkt. No.28).  Defendants have filed objections (Dkt. No. 34) and Plaintiff has
filed a response (Dkt. No. 36).  Having reviewed the Report and Recommendation of James P.
Donohue, United States Magistrate Judge, as well as the parties' briefing and all pertinent
documents, the Court hereby accepts the Recommendation of Magistrate Judge Donohue and
GRANTS IN PART and DENIES IN PART Defendants' motion for summary judgment.

**Background**

       Petitioner Ricky A. Beaver, a prisoner proceeding *pro se*, brought a 42 U.S.C. § 1983
action against two Federal Way police officers, Officer Laird and Officer Castro, and the City of

Federal Way for violations of his constitutional rights during his arrest for residential burglary in

Federal Way, Washington.  Mr. Beaver alleged that Officer Laird used excessive force by

subjecting him to eight tasings during his arrest and that Officer Castro failed to protect him from

this use of excessive force.  In addition, Mr. Beaver argued that both officers forced him to submit

to a drug test in violation of his Fourth Amendment rights and that they violated his due process

and equal protection rights by inflicting pain and suffering.  Finally, Mr. Beaver alleged that the

City of Federal Way should be liable for failing to properly train its officers in the use of taser

guns.

In response to Mr. Beaver's 42 U.S.C. § 1983 action, Defendants filed a motion for

summary judgment.  Mr. Beaver filed a response to the motion.  Magistrate Judge Donohue

issued a Report and Recommendation that affirmed in part and denied in part Defendants' motion

for summary judgment.  Defendants objected to Magistrate Judge Donohue's recommendation to

deny summary judgment with respect to Defendants' qualified immunity claim and Mr. Beaver's

excessive force claim.  Mr. Beaver responded to Defendants' objections, to which Defendants

filed a motion to strike.  On October 10, 2006, the Court denied Defendants' motion to strike.


**Analysis**


**I. There is a genuine issue of material fact whether Officer Laird used excessive force**

Magistrate Judge Donohue recommends that Defendants' motion for summary judgment

be denied as to Mr. Beaver's excessive force claim.  Defendants object to Magistrate Judge

Donohue's recommendation and argue that there is no genuine issue of material fact as to whether

Officer Laird's use of the taser was excessive because a reasonable officer would have perceived

Mr. Beaver as actively resisting arrest.  Mr. Beaver contends that he was not resisting arrest, but was confused due to his intoxicated state and was in pain from the shock of the taser.

The Fourth Amendment provides the exclusive source of constitutional protection against excessive force in the course of arrests, investigatory stops, and other seizures.  Graham v. Connor, 490 U.S. 386, 395 (1989) (holding that appellate court erred by requiring the defendant to show that the officers acted maliciously under the Fourteenth Amendment and explaining that the court should have analyzed the officers' actions under the Fourth Amendment objective reasonableness test).  Excessive force claims are analyzed under the objective reasonableness test as set forth in Graham.  By taking the perspective of the officer of the scene rather than using 20/20 hindsight, this test examines whether under all of the circumstances, "the suspect poses an immediate threat to the safety of the officers, or whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 395; Billington v. Smith, 292 F.3d 1177, 1184 (9th Cir. 2002) (applying Fourth Amendment reasonableness test when officer shot an intoxicated driver who tried to grab control of his gun).

Defendants claim that the Report erred by using impermissible hindsight instead of the objective reasonableness test followed by the Billington court.  However, the Report does not use impermissible hindsight in finding that "it is even unclear whether plaintiff was actively resisting arrest or whether he was confused and in pain from being repeatedly stunned by the Taser."  The Report states that both officers observed that Mr. Beaver was under the influence of narcotics and/or alcohol at the time of his arrest.  Given Mr. Beaver's intoxicated state and the fact that he did not appear to be carrying a weapon (because he was wearing a t-shirt and shorts), the Report and Recommendation correctly concludes that a reasonable officer could have perceived that Mr. Beaver was not a threat to safety once he fell to the ground.  As Mr. Beaver points out in his response, a single tasing delivers 50,000 volts of electricity and a reasonable officer could have

assumed that it would cause serious pain to a 5'11 220-pound man.  Mr. Beaver's movements on the ground thus could have been interpreted by a reasonable officer as being from confusion and pain rather than as a serious attempt to flee.  Accordingly, there is a genuine issue of material fact whether Officer Laird used excessive force and the Court denies Defendants' motion for summary judgment on this claim.

## II. There is a genuine issue of material fact whether Officer Castro failed to protect Mr. Beaver

The Report and Recommendation concludes that Defendants' summary judgment motion be denied on Mr. Beaver's failure to protect claim against Officer Castro.  Defendants argue that Officer Castro cannot be liable for failing to protect Mr. Beaver because Officer Laird's use of force was not excessive.  Mr. Beaver argues that Officer Laird's use of force was excessive and that Officer Castro actively encouraged Officer Laird to taser him.

Police officers are liable under 42 U.S.C. § 1983 for failing to intercede "when their fellow officers violate the constitutional rights of a suspect or other citizen."  Cunningham v. Gates, 229 F.3d 1271, 1289 (2000) (holding officers not present at the scene and officers not involved in the gunfire exchange not liable for failing to intercede).  However, officers may be held liable only if they had a realistic opportunity to intercede.  Id.

The facts in the record indicate that Office Castro had a realistic opportunity to intercede and protect Mr. Beaver.  Officer Castro arrived on the scene approximately thirty seconds after Officer Laird and witnessed most of the incident.  When Officer Laird arrived, Mr. Beaver was already on the ground and a reasonable officer could conclude that Mr. Beaver was no longer a threat.  Officer Castro knew that Mr. Beaver had been shot by the taser and admitted that she encouraged Officer Laird to continue tasing Mr. Beaver.  As such, there is a genuine issue of

material fact as to whether Officer Laird failed to intervene, and Defendants are not entitled to summary judgment on this claim.

**III. Because there is a genuine issue of material fact as to the officers' and Mr. Beaver's conduct, the officers are not entitled to qualified immunity**

The Report and Recommendation concludes that Officers Laird and Castro are not entitled to qualified immunity.  Defendants argue that the Report and Recommendation misapplies the second prong of the Saucier v. Katz qualified immunity test, and, that the officers should be entitled to qualified immunity because there was not clearly established law at the time on the excessive use of tasers.  Mr. Beaver argues that the officers were aware that the repeated tasing constituted excessive force.

Qualified immunity claims are analyzed under a two-part test.  First, the Court must consider whether the facts "taken in the light most favorable to the party asserting the injury show that the defendant's conduct violated a constitutional right."  Saucier v. Katz, 533 U.S. 194 (2001) (holding that the initial inquiry is whether the officer's conduct is a constitutional violation); Sorrels v. McKee, 290 F.3d 965 (9th Cir. 2002) (applying qualified immunity analysis).  Second, the court must determine whether the right was clearly established at the time of the alleged violation.  Saucier, 533 U.S. at 201.  To determine whether a right is clearly established, the relevant dispositive inquiry is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Id. at 205.

Defendants first allege that even if Officer Laird's use of force was excessive, the Defendants should be entitled to qualified immunity because there was no law in place to put the officers on notice as to whether the taser applications were lawful.  Defendants contend that the

Report and Recommendation errs in analyzing the officers' conduct under general excessive force law rather than analyzing the officers' conduct under law governing taser use.  To support this argument, Defendants cite <u>Russo v. Cincinnati</u>, 953 F.2d 1036 (6th Cir. 1992) (holding that repeated use of a taser was constitutional).

However, the Court does not need to decide which law to apply in order to rule on summary judgment.  Summary judgment in favor of the Defendants is improper because where there are factual disputes as to the parties' conduct or motives, qualified immunity cannot be resolved at summary judgment and the case must proceed to trial.  <u>See Liston v. County of Riverside</u>, 120 F.3d 965, 975 (9th Cir. 1997) (summary judgment in favor of moving defendants is inappropriate where a genuine issue of material fact prevents a determination of qualified immunity); <u>Collins v. Jordan</u>, 110 F.3d 1363, 1369-70 (1996) (case must proceed to trial if there is a material dispute as to the facts and circumstances that an officer knew or should have known, or as to the facts regarding what the officer or the plaintiff actually did).  Because there are factual disputes as to the parties' conduct, summary judgment is denied on this issue.

**IV. There is no evidence that Mr. Beaver underwent an involuntary drug test**

The Report and Recommendation concludes that summary judgment on Mr. Beaver's involuntary drug test claim should be granted.  Mr. Beaver does not object to this recommendation in his response.  Given that Mr. Beaver has not produced any evidence that the officers required a drug test, the Court grants summary judgment on this claim.

**V. Excessive force claims that arise out of an arrest are analyzed under the Fourth Amendment and not under the due process clause of the Fourteenth Amendment**

Magistrate Judge Donohue recommends summary judgment on Mr. Beaver's due process and equal protection claims. Mr. Beaver argues that the officers inflicted pain and suffering in violation of his constitutional rights.

In order to show that the government violated due process, the Plaintiff must show that the alleged conduct "is so brutal and offensive to human dignity as to shock the conscience." Vaughan v. Ricketts, 859 F.3d 736, 742 (9th Cir. 1988) (holding that digital rectal exams accompanied by insults and joking were conducted in a brutal fashion). For an equal protection claim, the Plaintiff must present evidence of discriminatory intent on part of the government. Washington v. Davis, 426 U.S. 229, 239-40 (1976) (holding that police recruits were not entitled to summary judgment on equal protection claim because available evidence negated the inference that the police department discriminated on the basis of race).

In this case, it is not necessary to evaluate whether Mr. Beaver has shown that the government violated his due process rights because since Graham, excessive force claims that arise out of an arrest must be litigated under the Fourth Amendment. Graham, 490 U.S. at 395 ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.") Although Magistrate Judge Donohue correctly concludes that summary judgment should be granted on this issue, it is unnecessary to analyze whether Mr. Beaver met the required elements for a due process claim because the underlying issue–excessive force–is properly analyzed under the Fourth Amendment.

On the equal protection claim, summary judgment is also proper because Mr. Beaver has failed to show that the officers acted with discriminatory intent. Without any evidence to support this allegation, the Court grants summary judgment on this issue.

**V. There is no evidence that the City of Federal Way failed to properly train its officers**

Magistrate Judge Donohue concludes that the City of Federal Way is not liable under 42 U.S.C. § 1983 for failing to properly train its officers in the use of the taser. City of Canton, Ohio v. Harris, 489 U.S. 378-88 (1989) (holding that the inadequacy of police training may serve as the basis for liability if the failure to train amounts to deliberate indifference to the rights of persons with whom the police came into contact). Mr. Beaver does not provide any evidence to show that the City did not properly train its police officers, and, the Defendants have produced evidence that indicates that both officers received training. Mr. Beaver does not respond to the objections of the Defendants. Accordingly, the Court grants Defendants' summary judgment with respect to this claim.

### Conclusion

The Court adopts the Report and Recommendation that grants in part and denies in part the Defendants' motion for summary judgment. The Defendants' motion for summary judgment should be denied on the excessive force and failure to protect claims because there is a genuine issue of material fact as to whether Officer Laird used excessive force and whether Officer Castro actively encouraged Officer Laird to use this force. The Defendants' motion should also be denied on the qualified immunity issue because there is an issue of fact whether there was excessive force and whether the law on excessive force was clearly established at the time. Conversely, Mr. Beaver has not shown where or when he was forced to undergo the drug test and thus the Defendants' motion on this claim should be granted. The Defendants' motion should also be granted on the due process claim. As set forth in Graham, excessive force claims must be litigated under the Fourth Amendment. Summary judgment on the equal protection claim is also proper as Mr. Beaver has not provided any evidence to show that the officers acted with

discriminatory intent.  Finally, the Defendants should be entitled to summary judgment on the City

of Federal Way claim because Mr. Beaver has not produced evidence that the City did not

properly train its officers.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated this 3rd day of November, 2006.


Marsha J. Pechman
United States District Judge