01

02

03

04

05

06

07

08

09

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

RICKY A. BEAVER,                                    )   Case No. C05-1938-MJP-JPD
                                                   )
           Plaintiff,                              )
                                                   )
11                                                 )
           v.                                      )   ORDER APPOINTING COUNSEL
12                                                 )   PURSUANT TO 28 U.S.C. § 1915
CITY OF FEDERAL WAY, et al.,                        )
13                                                 )
           Defendants.                             )
14 _____ )

15        Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this 42 U.S.C. § 1983

16 civil rights action against the City of Federal Way and two officers of the Federal Way Police

17 Department.  This matter comes before the Court *sua sponte* upon reference by the Honorable

18 Marsha J. Pechman.  Dkt. No. 42.  After careful consideration of the governing law and

19 balance of the record, the Court ORDERS that counsel be appointed for plaintiff in this case.

20        No constitutional right to counsel exists for an indigent plaintiff in a civil case unless

21 the plaintiff may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dept. of*

22 *Social Servs.*, 452 U.S. 18, 25 (1981).  However, pursuant to 28 U.S.C. § 1915(e)(1), the

23 Court has the discretion to appoint counsel for indigent litigants who are proceeding IFP.

24 *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).  The Court

25 will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789

26

ORDER APPOINTING COUNSEL
PURSUANT TO 28 U.S.C. § 1915
PAGE - 1

01   F.2d 1328, 1331 (9th Cir. 1986).   "A finding of exceptional circumstances requires an

02   evaluation of both the likelihood of success on the merits and the ability of the plaintiff to

03   articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Wilborn*,

04   789 F.2d at 1331 (internal quotations omitted).  These factors must be viewed together before

05   reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

06          Because plaintiff has prevailed against Officers Doug Laird and Heather Castro at the

07   summary adjudication stage, *see* Dkt. No. 41, appointment of counsel is appropriate.

08          The Clerk is directed to appoint counsel and to send a copy of this Order to plaintiff,

09   counsel for defendants, and the Honorable Marsha J. Pechman.  In light of this Order, the

10   deadline for the Joint Pretrial Statement is STRICKEN and will be reset by the Court after

11   counsel has been appointed.

12          DATED this 29th day of November, 2006.

13

14                                                  _____
                                                    JAMES P. DONOHUE
15                                                  United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

ORDER APPOINTING COUNSEL
PURSUANT TO 28 U.S.C. § 1915
PAGE - 2